**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In Re: | : | |
| CURTIS JAMES JACKSON, III, | : | CHAPTER 11 |
| Debtor. | : | CASE NO. 15-21233 (AMN) |
| _____ | : | |
| CURTIS JAMES JACKSON, III, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO. CASE NO. 17-02005 (AMN) |
| v. | : | |
| REED SMITH LLP AND PETER RAYMOND, | : | MARCH 15, 2019 |
| Defendants. | : | |

**REED SMITH LLP AND PETER RAYMOND'S**
**<u>ANSWER TO CURTIS JACKSON III'S AMENDED COUNTERCLAIMS</u>**

Defendants Reed Smith LLP and Peter Raymond (together, "Reed Smith") respond as set forth below to the Amended Objections to Reed Smith Proof of Claim No. 18-1 and Adversary Proceeding Containing Amended Counterclaims Against Reed Smith LLP and Peter Raymond (the "Amended Counterclaims") filed by Curtis Jackson III ("Jackson") on May 22, 2017.  (AP-ECF No. 22.)

As detailed in the responses in the numbered paragraphs below, Reed Smith denies Jackson's baseless allegations that Reed Smith engaged in misconduct.  Further, the Court has dismissed with prejudice the entirety of Count One, Count Three, Count Four and Count Five. The Court has also dismissed with prejudice all of Count Two except for the limited theory that "the Defendants [alleged] failure to conduct and preserve discovery from Mr. Ross, Mr. Murray,

and the Internet Provider . . . as it pertains to Mr. Jackson's liability under N.Y. Civ. Rights Law §§ 50 and 51 . . . [to the extent] that such testimony may have mitigated the damages against Mr. Jackson in the Leviston case." (AP-ECF No. 62 at 32-33.) In addition, Reed Smith has already responded to Jackson's objections to Reed Smith's proof of claim. For these reasons, no response is required to any of the Jackson's theories other than the remaining claim in Count Two.

## JURISDICTION AND VENUE

1.      The first sentence of paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Reed Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 1 and therefore denies the same. Reed Smith admits the allegation contained in the second sentence of paragraph 1. Reed Smith admits the allegation contained in the third sentence of paragraph 1. The fourth sentence of paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, Reed Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the fourth sentence of paragraph 1 and therefore denies the same. Reed Smith admits the allegation contained in the fifth sentence of paragraph 1. Reed Smith admits the allegation contained in the sixth sentence of paragraph 1, except is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in footnote 2 of that sentence and therefore denies the same. The seventh, eighth and ninth sentences of paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Reed Smith denies the allegations contained in the seventh, eighth and ninth sentences of paragraph 1. Reed Smith denies the remaining allegations contained in paragraph 1.

## PROOF OF CLAIM FOR FEES FILED BY REED SMITH

2.      The allegations in paragraph 2 appear to pertain to Jackson's objections to Reed Smith's claim for fees, and therefore do not require a response.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 2, except admits that Jackson has attached Exhibits A, B and C to his Amended Counterclaims and respectfully refers the Court to those documents for the full and complete contents thereof.

3.      The allegations in paragraph 3 appear to pertain to Jackson's objections to Reed Smith's claim for fees, and therefore do not require a response.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 3 and respectfully refers the Court to the Amended Objections and Amended Counterclaims for the full and complete content thereof.

4.      The allegations in paragraph 4 appear to pertain to Jackson's objections to Reed Smith's claim for fees and contain legal conclusions, and therefore do not require a response.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 4.

5.      The allegations in paragraph 5 appear to pertain to Jackson's objections to Reed Smith's claim for fees, to counts which have been dismissed with prejudice and to contain legal conclusions, and therefore do not require a response.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 5.

## AMENDED COUNTERCLAIMS: FACTUAL BACKGROUND

6.      Paragraph 6 contains legal conclusions to which no response is required.  To the extent a response is required, Reed Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same, except admits that it previously served as Jackson's counsel.

7.      Reed Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the same, except admits that Jackson is a performer of rap music and actor who holds himself out as a performer of rap music, a hip hop culture icon, actor, TV personality, well known entertainer, producer, and business entrepreneur.  Reed Smith denies the remaining allegations in paragraph 7.

8.      Reed Smith denies the allegations contained in paragraph 8, except admits that it is a global law firm that practices law in the City, State and County of New York that provides legal advice and counsel to various clients.

9.      Reed Smith denies the allegations contained in paragraph 9, except admits that Raymond is a Reed Smith partner based in New York who is licensed to practice in the State of New York.

10.      Reed Smith is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies the same, except admits that Raymond, while a partner at Hall Dickler LLP, began representing Jackson with respect to certain commercial litigation in 2002; that Raymond continued in the representation of Jackson upon joining Reed Smith in 2004; and that Raymond served as Jackson's primary commercial litigator in matters related to Jackson's entertainment and related businesses until 2015.

11.      Reed Smith is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 and therefore denies the same, except denies that Jackson always relied upon and followed the legal advice and counsel of Reed Smith.

12.     Reed Smith is without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 and therefore denies the same, except denies that Jackson always accepted the legal advice and counsel of Reed Smith.

13.     The allegations in paragraph 13 contain legal conclusions and appear to refer to counts dismissed by the Court to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 13, except admits that Jackson has attached Exhibits D and E to his Amended Counterclaims and respectfully refers the Court to those documents for the full and complete contents thereof.

14.     Reed Smith denies the allegations contained in paragraph 14, and respectfully refers the Court to the Leviston Complaint for its full and complete content as to what it alleged.

15.     The allegations in paragraph 15 contain legal conclusions and restatements of matter of public record in the Leviston Case for which no response is required.  To the extent a response is required, Reed Smith refers to the briefs, orders, and other court filings in the Leviston Case for their content.

16.     Reed Smith denies the allegations contained in paragraph 16, except admits that Reed Smith, as counsel to Jackson at the time, served an Answer to the Leviston Complaint and refers to that Answer for the full and complete contents thereof.

17.     The allegations in paragraph 17 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 17, except admits that Jackson has attached Exhibit F to his Amended Counterclaims and respectfully refers the Court to that document for the full and complete contents thereof.

18.     The allegations in paragraph 18 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 18, except admits that Jackson has attached Exhibit G to his Amended Counterclaims and respectfully refers the Court to that document for the full and complete contents thereof.

19.     The allegations in paragraph 19 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 19.

20.     The allegations in paragraph 20 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 20, except admits that Reed Smith represented that it would, and did, cooperate with Bickel & Brewer, including by providing Bickel & Brewer with all documents consistent with Reed Smith's legal and professional responsibilities.

21.     The allegations in paragraph 21 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 21.

22.     Reed Smith admits the allegations contained in paragraph 22 and respectfully refers the Court to Exhibit H for its full and complete contents.

23.     The allegations in paragraph 23 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith admits the allegations contained in paragraph 23, and respectfully refers the Court to the Response to Jackson's Objections for its full and complete contents.

24.     The allegations in paragraph 24 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 24, and respectfully refers the Court to the Response to Jackson's Objections for its full and complete contents.

25.     The allegations in paragraph 25 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 25.

26.     Reed Smith denies the allegations contained in paragraph 26, except admits that an attorney-client relationship between Jackson and Reed Smith existed until Jackson terminated that relationship and refers to the  2004 California Retainer for the full and complete contents thereof, including without limitation Jackson's instruction that "directed Reed Smith LLP where and when practical to interact with Mr. Sedlmayr as  [Jackson's] liaison."

27.     The allegations in paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 27.

28.     Reed Smith denies the allegations contained in paragraph 28, except admits that Raymond and Jackson were aware that Sedlmayr represented other hip hop artists and that Sedlmayr was Ross's attorney.

29.     Reed Smith denies the allegations contained in paragraph 29, except admits that Jackson initiated an adversary proceeding by filing on January 27, 2017 a document entitled "Amended Objections To Reed Smith Proof Of Claim No 18-1 And Adversary Proceeding Containing Counterclaims Against Reed Smith LLP And Peter Raymond," and that Jackson has attached Exhibit I to his Amended Counterclaims.  Reed Smith respectfully refers the Court to that document for the full and complete contents thereof.

30.     The allegations in paragraph 30 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 30.

31.     The allegations in paragraph 31 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 31, except admits that Reed Smith filed a motion to dismiss on April 17, 2017 and that Jackson has attached Exhibit J to his Amended Counterclaims.  Reed Smith respectfully refers the Court to that document for the full and complete contents thereof.

32.     The allegations in paragraph 32 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 32, except admits that Jackson has attached Exhibit K to his Amended Counterclaims and respectfully refers the Court to that document for the full and complete contents thereof.

33.     The allegations in paragraph 33 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 33, except admits that Jackson has attached Exhibit J to his Amended Counterclaims, which states, among other things, that "Jackson created a trailer for the edited video, and placed the trailer on his website, thisis50.com, a website that attracts millions of visitors every year. . . . The full video was then posted on various websites, including those owned by Jackson and by William A. Robert II a/k/a Rick Ross ("Ross"), another rap musician who is the father of Leviston's child."  Reed Smith respectfully refers the Court to that document for the full and complete contents thereof.

34.     The allegations in paragraph 34 contain legal conclusions to which no response is required. To the extent a response is required, Reed Smith denies the allegations contained in paragraph 34, except admits that paragraph 34 contains an incomplete quotation from Exhibit J. Reed Smith respectfully refers the Court to such document for the full and complete contents thereof.

35.    Reed Smith denies the allegations contained in paragraph 35, except admits that oral consent is not a defense to liability under Civil Rights Law Sections 50 and 51 and that paragraph 35 contains an incomplete quotation from Exhibit J.  Reed Smith respectfully refers the Court to such document for the full and complete contents thereof.

36.    The allegations in paragraph 36 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 36.

37.    Reed Smith denies the allegations contained in paragraph 37.

38.    Reed Smith denies the allegations contained in paragraph 38.

39.    Reed Smith denies the allegations contained in paragraph 39, except admits that Reed Smith billed Jackson in excess of $1 million over the course of five years of litigation and was terminated prior to trial in the Leviston Case.

40.    The allegations in paragraph 40 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 40.

## FIRST CAUSE OF ACTION

41.    Paragraph 41 consists of an incorporation of prior factual allegations to which no response is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 41 pertain. To the extent paragraph 41 requires a response, Reed Smith incorporates by reference and reasserts the answers given above as if fully set forth herein.

42.    No response to the allegations in paragraph 42 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 42 pertain.

43.     No response to the allegations in paragraph 43 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 43 pertain.

44.     No response to the allegations in paragraph 44 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 44 pertain.

45.     No response to the allegations in paragraph 45 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 45 pertain.

46.     No response to the allegations in paragraph 46 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 46 pertain.

47.     No response to the allegations in paragraph 47 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 47 pertain.

48.     No response to the allegations in paragraph 48 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 48 pertain.

49.     No response to the allegations in paragraph 49 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 49 pertain.

50.     No response to the allegations in paragraph 50 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 50 pertain.

51.     No response to the allegations in paragraph 51 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 51 pertain.

52.     No response to the allegations in paragraph 52 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 52 pertain.

53.     No response to the allegations in paragraph 53 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 53 pertain.

54.     No response to the allegations in paragraph 54 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 54 pertain.

## SECOND CAUSE OF ACTION

55.      Paragraph 55 consists of an incorporation of prior factual allegations to which no response is required.  To the extent paragraph 55 requires a response, Reed Smith denies the allegations contained in paragraph 55 and incorporates by reference and reasserts the answers given above as if fully set forth below.

56.     Reed Smith denies the allegations contained in paragraph 56, and respectfully refers the Court to the Leviston Complaint for its full and complete content as to what it alleged.

57.     Reed Smith denies the allegations contained in paragraph 57, except admits that Jackson has asserted to Reed Smith that Murray provided a video to Jackson and that Jackson has asserted to Reed Smith that he received oral permission to publish such video.

58.     The allegations in paragraph 58 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 58, except admits that Jackson has asserted to Reed Smith that Ross obtained a copy of a video and posted it to a website under the control of Ross.

59.     The allegations in paragraph 59 contain legal conclusions to which no response is required.  To the extent a response is required Reed Smith denies the allegations contained in paragraph 59, except admits that Jackson has asserted to Reed Smith that he did not post the Video before Ross and that Jackson has asserted that he posted a link to the Video on Jackson's website.

60.     Reed Smith denies the allegations contained in paragraph 60, except admits that Jackson has asserted to Reed Smith that the alleged initial posting and public distribution of the Video by Ross was done in an effort to embarrass and harass Jackson, to diminish his public presence, and to damage his brand in the market place.

61.     The allegations in paragraph 61 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 61.

62.     Reed Smith denies the allegations contained in paragraph 62, and respectfully refers the Court to the pleadings and filings in the Leviston Case for the full and complete content thereof.

63.     Reed Smith denies the allegations contained in paragraph 63, and respectfully refers the Court to the pleadings and filings in the Leviston Case for the full and complete content thereof.

64.     Reed Smith denies the allegations contained in paragraph 64, except admits that Jackson has attached Exhibit F to his Amended Counterclaims and respectfully refers the Court to the pleadings and filings in the Leviston Case for the full and complete content thereof.

65.     Reed Smith denies the allegations contained in paragraph 65, except admits that Jackson has attached Exhibit G to his Amended Counterclaims and respectfully refers the Court to the pleadings and filings in the Leviston Case for the full and complete content thereof.

66.     The allegations in paragraph 66 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 66.

67.     The allegations in paragraph 67 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 67.

68.     The allegations in paragraph 68 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 68, and respectfully refers the Court to Exhibit F and Exhibit G and the pleadings and filings in the Leviston Case for the full and complete contents thereof.

69.     The allegations in paragraph 69 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 69.

70.     The allegations in paragraph 70 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 70.

71.     Reed Smith denies the allegations contained in paragraph 71, except admits that Jackson has asserted that Murray provided the Video to Jackson.

72.     The allegations in paragraph 72 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 72.

73.     Reed Smith denies the allegations contained in paragraph 73, except admits that Jackson has asserted that Murray voluntarily provided the Video to Jackson, and that Murray represented to Jackson that he was authorized to promote and distribute the Video on behalf of himself and Leviston.

74.     The allegations in paragraph 74 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 74.

75.     Reed Smith denies the allegations contained in paragraph 75.

76.     Reed Smith denies the allegations contained in paragraph 76.

77.     Reed Smith denies the allegations contained in paragraph 77.

78.     Reed Smith denies the allegations contained in paragraph 78.

79.     Reed Smith denies the allegations contained in paragraph 79, and respectfully refers the Court to Exhibit F and the pleadings and filings in the Leviston Case for the full and complete contents thereof.

80.     The allegations in paragraph 80 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 80, and respectfully refers the Court to Exhibit F and the pleadings and filings in the Leviston Case for the full and complete contents thereof.

81.     Reed Smith denies the allegations contained in paragraph 81, and respectfully refers the Court to Exhibit F and the pleadings and filings in the Leviston Case for the full and complete contents thereof.

82.     The allegations in paragraph 82 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 82.

83.     The allegations in paragraph 83 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 83.

84.     The allegations in paragraph 84 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 84.

85.     The allegations in paragraph 85 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 85.

86.     Reed Smith denies the allegations contained in paragraph 86, except admit that it was asserted to Reed Smith that Ross posted the Video on the Ross website.

87.     The allegations in paragraph 87 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 87.

88.     The allegations in paragraph 88 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 88.

89.     Reed Smith denies the allegations contained in paragraph 89.

90.     The allegations in paragraph 90 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 90.

91.     The allegations in paragraph 91 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 91, and respectfully refers the Court to Exhibit F and the pleadings and filings in the Leviston Case for the full and complete content thereof.

92.     The allegations in paragraph 92 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 92.

93.     The allegations in paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 93.

94.     The allegations in paragraph 94 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 94.

95.     Reed Smith denies the allegations contained in paragraph 95, except admits that

Reed Smith was aware of information set forth in various of its filings in the Leviston Case

regarding publication on ThisisSabrinasSin.Ning.com, and respectfully refers to the pleadings

and filings in the Leviston Case for the full and complete content thereof.

96.     Reed Smith denies the allegations contained in paragraph 96, except admits that it

did not issue a subpoena to the unnamed "Internet Provider and/or website host company."

97.     The allegations in paragraph 97 contain legal conclusions to which no response is

required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 97.

98.     The allegations in paragraph 98 contain legal conclusions to which no response is

required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 98.

99.     The allegations in paragraph 99 contain legal conclusions to which no response is

required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 99.

100.    The allegations in paragraph 100 contain legal conclusions to which no response

is required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 100.

101.    The allegations in paragraph 101 contain legal conclusions to which no response

is required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 101.

102.    The allegations in paragraph 102 contain legal conclusions to which no response

is required.  To the extent a response is required, Reed Smith denies the allegations contained in

paragraph 102, except admits that Reed Smith represented that it would, and did, cooperate with incoming trial counsel, including by providing such counsel with all documents consistent with Reed Smith's legal and professional responsibilities.

103.    The allegations in paragraph 103 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 103, and respectfully refers the Court to the Order to Show Cause filed on or about April 23, 2015 and the pleadings and filings from the Leviston Case for the full and complete content thereof.

104.    The allegations in paragraph 104 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 104.

105.    The allegations in paragraph 105 contain legal conclusions to which no response is required.  To the extent a response is required, Reed Smith denies the allegations contained in paragraph 105.

## **THIRD CAUSE OF ACTION**

106.    No response to the allegations in paragraph 106 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 106 pertain.

107.    No response to the allegations in paragraph 107 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 107 pertain.

108.    No response to the allegations in paragraph 108 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 108 pertain.

109.    No response to the allegations in paragraph 109 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 109 pertain.

110.    No response to the allegations in paragraph 110 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 110 pertain.

111.    No response to the allegations in paragraph 111 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 111 pertain.

112.    No response to the allegations in paragraph 112 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 112 pertain.

113.    No response to the allegations in paragraph 113 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 113 pertain.

114.    No response to the allegations in paragraph 114 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 114 pertain.

115.    No response to the allegations in paragraph 115 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 115 pertain.

116.    No response to the allegations in paragraph 116 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 116 pertain.

## FOURTH CAUSE OF ACTION

117.    No response to the allegations in paragraph 117 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 117 pertain.

118.    No response to the allegations in paragraph 118 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 118 pertain.

119.    No response to the allegations in paragraph 119 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 119 pertain.

120.    No response to the allegations in paragraph 120 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 120 pertain.

121.    No response to the allegations in paragraph 121 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 121 pertain.

122.    No response to the allegations in paragraph 122 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 122 pertain.

123.    No response to the allegations in paragraph 123 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 123 pertain.

124.    No response to the allegations in paragraph 124 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 124 pertain.

125.    No response to the allegations in paragraph 125 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 125 pertain.

126.    No response to the allegations in paragraph 126 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 126 pertain.

127.    No response to the allegations in paragraph 127 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 127 pertain.

128.    No response to the allegations in paragraph 128 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 128 pertain.

129.    No response to the allegations in paragraph 129 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 129 pertain.

130.    No response to the allegations in paragraph 130 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 130 pertain.

131.    No response to the allegations in paragraph 131 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 131 pertain.

132.    No response to the allegations in paragraph 132 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 132 pertain.

133.    No response to the allegations in paragraph 133 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 133 pertain.

## FIFTH CAUSE OF ACTION

134.    No response to the allegations in paragraph 134 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 134 pertain.

135.    No response to the allegations in paragraph 135 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 135 pertain.

136.    No response to the allegations in paragraph 136 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 136 pertain.

137. No response to the allegations in paragraph 137 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 137 pertain.

138. No response to the allegations in paragraph 138 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 138 pertain.

139. No response to the allegations in paragraph 139 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 139 pertain.

140. No response to the allegations in paragraph 140 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 140 pertain.

141. No response to the allegations in paragraph 141 is required because, in a decision dated March 1, 2019, the Court dismissed with prejudice the claim set forth in this Count and to which the allegations in paragraph 141 pertain.

142. Paragraph 142 contains legal conclusions and includes allegations directed to claims dismissed with prejudice in the Court's March 1, 2019 decision. To the extent a response is required, Reed Smith denies the allegations contained in paragraph 142.

## RESPONSE TO PRAYER FOR RELIEF

Reed Smith denies all allegations in the Amended Counterclaims, including all headings and all allegations in the Prayer, not expressly admitted to herein, and denies that Jackson is entitled to any relief. In particular:

1. Reed Smith prays that this Court will enter judgment in Reed Smith's favor, allowing in full Reed Smith's Proof of Claim No. 18-1.

2.    Reed Smith prays that this Court will enter a judgment in Reed Smith's favor on Jackson's Amended Counterclaims with Jackson obtaining no relief; will award Reed Smith's fees defending the Amended Counterclaims and prosecuting Proof of Claim No. 18-1, as required pursuant to the retainer agreement between Jackson and Reed Smith; and will order such other relief as the Court deems appropriate.

## DEFENSES TO AMENDED COUNTERCLAIMS

Reed Smith asserts the following defenses to the sole remaining claim in the Amended Counterclaims (the "claim") and reserves the right to amend this answer to assert other and further defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate.  By designating these defenses, Reed Smith does not intend to suggest either that Jackson does not bear the burden of proof as to such matters or that such matters are not elements of Jackson's prima facie case against Reed Smith or that Reed Smith bears the burden of proof as to such matters.

### FIRST DEFENSE

1.    Jackson has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.    Jackson's claim is barred for the reasons in Reed Smith's Motion to Dismiss, which are incorporated herein by reference.

### THIRD DEFENSE

3.    Jackson's alleged damages were legally caused by the Plaintiff's own negligence.

### FOURTH DEFENSE

4.    Jackson has failed to mitigate any alleged damages.

### FIFTH DEFENSE

5.    Jackson's claim is barred by the doctrine of collateral estoppel.

## SIXTH DEFENSE

6.     Jackson's claim is barred by the doctrine of judicial estoppel.

## SEVENTH DEFENSE

7.     Jackson's claim is barred by the doctrine of waiver.

## EIGHTH DEFENSE

8.     Jackson's claim is barred by the doctrine of unjust enrichment.

## NINTH DEFENSE

9.     Jackson's claim is barred by the doctrine of unclean hands.

## TENTH DEFENSE

10.     Jackson's claim is barred because there is no causation.

## ELEVENTH DEFENSE

11.     Jackson's claim is barred by the doctrine of assumption of risk.

## TWELFTH DEFENSE

12.     Jackson's claim is barred by the doctrine of abandonment.

## THIRTEENTH DEFENSE

13.     Jackson's claim is barred because any damages suffered are the result of

Jackson's and/or Jackson's replacement trial counsel's pretrial and trial strategy.

## FOURTEENTH DEFENSE

14.     Jackson's claim is barred because Jackson did not suffer any legally cognizable

injury or damages as a result of Reed Smith's conduct.

## FIFTEENTH DEFENSE

15.     Jackson's claim is barred by the doctrine of ratification.

## SIXTEENTH DEFENSE

16.    To the extent any fault or responsibility is assessed against Reed Smith, which

Reed Smith expressly denies, Reed Smith is entitled to a reduction, offset or credit in the amount

of any recovery by Jackson against Jackson's unpaid legal fees.

## SEVENTEENTH DEFENSE

17.    To the extent Reed Smith is found liable for damages, which is denied, Reed

Smith is entitled to a reduction according to the actual damages paid by Jackson to Leviston as a

result of his bankruptcy.

## EIGHTEENTH DEFENSE

18.    Punitive damages on the facts of this case would violate applicable law and public

policy, including without limitation the law and public policy of the State of Connecticut.


Dated:  March 15, 2019                                    AXINN, VELTROP & HARKRIDER LLP


                                                          /s/ Thomas G. Rohback
                                                          Thomas G. Rohback (ct01096)
                                                          Drew Alan Hillier (ct30252)
                                                          90 State House Square
                                                          Hartford, CT 06103
                                                          Tel:  860.275.8100
                                                          Fax:  860.275.8101
                                                          Email: trohback@axinn.com
                                                                  dhilllier@axinn.com

                                                          Craig M. Reiser, *pro hac vice* pending
                                                          114 W 47th St
                                                          New York, NY 10036
                                                          Tel:  212.728.2200
                                                          Fax: 212.261.5654
                                                          Email: creiser@axinn.com

                                                          *Attorneys for Defendants*
                                                          *Reed Smith LLP and Peter Raymond*