**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In Re:<br><br>CURTIS JAMES JACKSON, III,<br><br>    Debtor.<br>_____<br><br>CURTIS JAMES JACKSON, III,<br><br>    Plaintiff,<br><br>    v.<br><br>REED SMITH LLP AND PETER RAYMOND,<br><br>    Defendants. | CHAPTER 11<br><br>CASE NO. 15-21233 (AMN)<br><br><br><br><br><br><br><br><br>ADVERSARY PROCEEDING NO.<br>CASE NO. 17-02005 (AMN) |

**EMERGENCY REQUEST FOR TELEPHONIC STATUS CONFERENCE**

The plaintiff, Curtis James Jackson III ("Plaintiff") hereby files this emergency motion, pursuant to Local R. Civ. P. 7(a)(6) (incorporated herein by Local Bankr. R. 1001-1), to request that the Court schedule a telephonic status conference at its earliest convenience to address the holding of the deposition on William Leonard Roberts, II, (p/k/a "Rick Ross" and hereinafter referred to as "Roberts"). In support of his Motion, Plaintiff states as follows:

1.    On April 13, 2020, this respected Court held a status conference in regard to the holding of the deposition on William Leonard Roberts, II, (p/k/a "Rick Ross" and hereinafter referred to as "Roberts"). During the conference call, all counsel informed the Court that April 22, 2020 had been selected as the deposition date, to be conducted remotely, with counsel and the deponent appearing via video in each of their respective locations. Counsel for Roberts had represented that their client, in sum and substance, was sheltering in place, and previously had stated he was in Florida, whereas their office is located in Atlanta.

2.     Counsel for Roberts only responded substantively to Plaintiff's multiple requests to discuss the date and logistics of the deposition, as required by the Court's Order, the morning of the April 13, 2020 status conference. It was only then that counsel for Robert's provided the April 22, 2020 date as an option for the Roberts deposition. It was also, for the first time, brought to Plaintiff's attention that the witness may have technical issues and/or may lack the necessary equipment to conduct this deposition. See correspondence annexed hereto as **EXHIBIT A**.

3.     Although, in consideration of Roberts' occupation, abundant internet presence and online content, he likely has the required capabilities (one only needs an electronic device such as a desktop, laptop, tablet, or smartphone equipped with a camera and microphone, and a minimal internet speed, as evidenced by counsel in this action appearing remotely for this deposition from their homes), Plaintiff's counsel told counsel for Roberts that he will work with the court reporting vendor to confirm what Roberts' technical capabilities are, but will require the assistance of Roberts' counsel and cooperation of Roberts to do so. Plaintiff's counsel was clear that this task must be performed expeditiously and so the necessary requirements be tended to and/or equipment sent with adequate time to spare to address any issues prior to April 22, 2020. This need for expeditious cooperation and communication was further necessary as the current court reporting vendor has stated it is unable to mail any equipment at this moment due to the closure of their warehouse and quarantine orders due to COVID-19, and therefore, an alternative vendor may be required (nonetheless, the new vendors require the same information from Roberts).

4.     During the April 13, 2020 call with the Court the need to expeditiously confirm Roberts' technical capabilities and address any equipment needs, and ensure the cooperation and communication by Roberts and his counsel to do, was repeatedly raised by Plaintiff's counsel for the record. Importantly, the Court recognized the need for expeditious cooperation and technical confirmation and suggested that counsel discuss with each other after the call, and that we should

have the issues settled by the latest the next day. Plaintiff's counsel attempted to abide by this well-grounded advice and communicated as such with counsel for Roberts in order to address any issues in that time frame.

5. After the call, Plaintiff's counsel repeatedly inquired with Roberts counsel as to the capabilities and needs of their client, and put counsel in touch with the vendor Lexitas who provided a list of what equipment is required, and provided means to conduct and internet speed test (as simple as clicking on an internet link that automatically tests the speed) and schedule a necessary video test to make sure the equipment and internet connectivity was adequate. Only yesterday, April 15, 2020, did Roberts' counsel provide information as to the equipment (Roberts will use a laptop with the required capabilities) but did **not** provide information as to internet speed, and stated that Roberts could conduct the video test **"possibly Monday"**. See correspondence annexed hereto as **EXHIBIT A**.

6. With the current April 24, 2020 deadline, Roberts' position provides for insufficient time in order to remedy any potential issues. If there is an issue, and a change of vendor is needed, or if Roberts requires equipment, then it is unlikely that the time frame Plaintiff's counsel is forced into due to the lack of proactivity by Roberts, is adequate. Furthermore, it does not allow sufficient time in order to work with the chosen vendor in order to make sure exhibits are loaded and all parties are ready to proceed.

7. As stated during the April 13, 2020 call, Plaintiff did not want to further burden the Court. However, the same sense of urgency is apparently not shared by other parties to this matter, and it will be Plaintiff who will suffer. As stated during the call with the Court, due to issues that we are collectively facing due to COVID-19 and due to no action or inaction by the Plaintiff for which he should be prejudiced, expeditious assistance and cooperation by Roberts' counsel and Roberts himself was needed so that the necessary arrangements can be made, and if necessary, a new vendor

procured and equipment shipped. However, counsel, the current and alternative vendors need to know what the deponent's technical capabilities are and what equipment is needed, and the allowance of time, especially with delivery services operating at a delayed capacity, must be given. Furthermore, Plaintiff must send exhibits, that Plaintiff has confirmed were previously exchanged or are readily available in the public domain, to the court reporting vendor 48 hours prior to the deposition, and therefore, we must know which vendor will be used (the current vendor or an alternative in the event that Roberts requires equipment).

8. **At this rate, although we aim to conduct the deposition on April 22, 2020, in the abundance of caution, <u>a brief extension of the date to conduct the deposition of Roberts is required</u>, should technical issues arise, and due to the lack of proactivity by Roberts, and if there be inadequate time to remedy that issue with a vendor, and provide the vendor the necessary materials and information to proceed with the deposition on that date.**

9. There is absolutely no credible reason why Roberts, who is apparently sheltering in place at his residence as stated previously by his counsel, could not confirm all the information needed by the vendor to determine technical capabilities, and conduct the required video test thus far. Furthermore, despite numerous inquiries, counsel for Roberts will not provide Roberts' current location, a piece of information needed by the vendor. **In fact, despite prior representations as to Roberts being in Florida, Roberts has been posting numerous social media photos and videos of himself in quarantine this week at his residence outside Atlanta, Georgia.** This underscores credibility issues that were recognized by Judge Russell Vineyard in the Northern District of Georgia, and should likewise be recognized by this respected Court. See social media screenshots, taken from Roberts' uploaded Instagram story from April 13 through April 15, 2020, during which Roberts' walks around his Georgia mansion grounds while tending to his horses and landscaping, references going to the recording studio, discusses being at home under quarantine and references COVID-19,

annexed hereto as **<u>EXHIBIT B</u>**. Full video in Plaintiff's possession and available upon request by the Court. Roberts' prior actions through the course of this litigation, and the very reason why were are in this situation at this current time, has been to frustrate the taking of his deposition, and his waiting until the last minute to conduct an equipment check without any credible good faith reason, where if there is an issue the time may be insufficient to remedy such, and the providing an affidavit and suggesting to use the same in lieu of the deposition, evidence more of the same evasiveness and desire to derail this deposition.

10. Plaintiff respectfully submits that based upon the circumstances set forth in this Motion and the urgency of obtaining cooperation with Roberts, he has demonstrated good cause for emergency relief as set forth in Local R. Civ. P. 7(a)(6), and his Motion should be granted.

**WHEREFORE**, due to these exigent circumstances, and to prevent any prejudice to the Plaintiff due to no fault of his own, Plaintiff respectfully requests that the Court schedule an emergency status conference at its earliest convenience to discuss the issues herein, and grant such other and further relief as justice requires.

Dated: April 16, 2019

THE PLAINTIFF,
CURTIS JAMES JACKSON III

By: /s/ John L. Cesaroni
    John L. Cesaroni (ct29309)
    Zeisler & Zeisler, P.C.
    10 Middle Street, 15th Floor
    Bridgeport, CT 06604
    Email: jcesaroni@zeislaw.com
    Tel: (203) 368-4234
    Fax: (203) 549-0432

        Imran H. Ansari
        546 Fifth Avenue
        New York, NY 10036
        (212) 750-9700


By: /s/ Imran H. Ansari
Imran H. Ansari
Baratta, Baratta & Aidala LLP
Joseph P. Baratta

5

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 16, 2020, a true and accurate copy of the foregoing was served by upon all counsel of record in these proceedings by operation of the Court's CM/ECF system.

                                                          /s/ John L. Cesaroni
                                                          John L. Cesaroni (ct29309)