# EXHIBIT 47

Message

**From:** Farber, Evan K. [EFarber@ReedSmith.com]
**Sent:** 1/1/2015 3:08:51 PM
**To:** Raymond, Peter D. [PRaymond@ReedSmith.com]
**Subject:** Fw: Investigator
**Attachments:** 2.22.12 Compliance Conference Order - Executed.pdf

**From:** Farber, Evan K. <EFarber@ReedSmith.com>
**Sent:** Wednesday, December 31, 2014 11:53 AM
**To:** Raymond, Peter D.
**Subject:** FW: Investigator

Hi Peter —

Call was pleasant enough. They want me to speak with the investigator today, and you can speak with him tomorrow again if you feel the need. Apparently Murray is back in prison and has been there since 2012, which makes me feel better about our search because we looked for him in 2011, when he was out. The investigator is planning to visit him in person on Friday so Craig is going to set up a call for today.

Craig mentioned the case that he found, and I told him I thought it was distinguishable for all sorts of reasons. He backed off, but then asked whether we had done a jury verdict search in NY. I told him we had and had updated it several times; that we found that the worst of the verdicts were (after appeal) below $2M; that we told that to the mediator but he responded that this case is unique; that we told 50 both what we found and what the mediator's view was.

Before I had a chance to finish emailing you, they called back with the investigator on the line. I told him our story and what we're interested in learning; he'll follow up with me as necessary. After he hung up, Craig / Steve (I can't distinguish their voices yet) suggested that we ask him to ask other stuff, like whether Leviston ever tried to get Murray to help her make money off the tape (which I said was highly unlikely), and what he knows about Leviston's background as a call girl. On that one I said that he might not have personal knowledge but he might know about it, and then they started thinking aloud about whether we should try to find other people who could testify about her past. At that point I warned them about our stipulation against calling new witnesses. This was news to them (though I told them we had previously told that to 50 and Nikki), and they asked that I forward the stipulation to them. The only thing I've found so far is the attached (see paragraphs 9-10), which I will send; I think we may have fleshed it out more by email, which will take me a bit longer to search for. We discussed a bit whether this whole exercise is for naught, and we concluded that it's at least worth having the PI speak with Murray and see what he says.

Thanks and all the best,
    Evan

**From:** Farber, Evan K.
**Sent:** Wednesday, December 31, 2014 10:54 AM
**To:** 'Weiner, Craig'; Raymond, Peter D.
**Cc:** 'SJSavvaPC' (SJSavvaPC@aol.com)
**Subject:** RE: Investigator

Hi guys —
  Here's a dial-in we can use with the investigator:
      Call: 800-780-9938
      Passcode: 521-5409


PLAINTIFF'S EXHIBIT
28 (for ID)
K.H. 8/14/19

CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER                                                     RS JACKSON 0091845