**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In Re: | : |
| CURTIS JAMES JACKSON, III, | : CHAPTER 11 |
| Debtor. | : CASE NO. 15-21233 (AMN) |
| _____ | : |
| CURTIS JAMES JACKSON, III, | : |
| Plaintiff, | : ADVERSARY PROCEEDING |
| | : CASE NO. 17-02005 (AMN) |
| v. | : |
| REED SMITH LLP AND PETER RAYMOND, | : APRIL 9, 2021 |
| Defendants. | : |

**REED SMITH LLP AND PETER RAYMOND'S MEMORANDUM**
**OF LAW PURSUANT TO THE COURT'S SCHEDULING ORDER, ECF NO. 362**

Reed Smith LLP and Peter Raymond (together, "Reed Smith") respectfully submit this Memorandum of Law pursuant to this Court's Scheduling Order, ECF No. 362, with respect to Defendants' Exhibits 11 and 12 (the "Videos"). Scheduling Order 3-4. Reed Smith believes that the Videos should remain sealed and part of the record.[1]

While it ordinarily would be sufficient to keep these Videos under seal "due to their graphic nature," *id.* at 4, the need for sealing is heightened because of the outrageous nature of Jackson's edits to the Videos that were the subject of an intentional infliction of emotional distress verdict against Jackson. As an alternative to having the Videos remain under seal, the Court has asked whether Exhibits 11 and 12 can be stricken as irrelevant to the Court's

---

[1] Consistent with this Court's Scheduling Order, Reed Smith has separately filed a supplemental motion articulating its position as to the few exhibits that it filed under seal in connection with its summary judgment motion. Capitalized terms not otherwise defined herein have the meaning ascribed to them in Reed Smith's Memorandum of Law in Support of Motion for Summary Judgment, ECF No. 300.

determination of Reed Smith's Motion for Summary Judgment. To grant Reed Smith's Motion, the Court need not view the Videos because Jackson has failed to come forward with evidence of helpful testimony from the Three Uncalled Witnesses. As a matter of law, Jackson cannot prove negligence, causation, or ascertainable damages. Nevertheless, the Videos are properly part of the record and should not be stricken.

The Videos, which words cannot fully describe, were the heart of the underlying case against Jackson. They are relevant because they are the basis for the claims against Jackson that Reed Smith was called upon to use its judgment to defend against. In preparing its defense of Jackson, Reed Smith saw that it was Jackson, alone, who *weaponized* a private video and turned it into a degrading assault on a human being. The Videos show Jackson, costumed as "Pimpin' Curly," screaming vulgar insults at Leviston. Exs. 11 & 12; *see also* Ex. 13; Mem. Supp. Mot. Sum J. 6-15, 19-23, ECF No. 300. Nevertheless, without evidentiary support, Jackson argues that the hypothetical testimony of Murray, Ross, and NING would have eliminated or reduced his alleged damages. *E.g.*, Mem. Opp. Mot. Sum. J. 44-45, ECF No. 333.

Reed Smith repeatedly advised Jackson to settle and explained to Jackson that the Videos could result in a substantial verdict against him. *See, e.g.*, Mem. Supp. Mot. Sum J. 11-12. Jackson, however, was not interested in paying what it would take to settle the case. *Id.* at 11-13. It was also Reed Smith's judgment that Jackson needed to appear in court to attempt to present the jury with a better impression of himself than the one appearing in the Videos. *Id.* at 3-5. But Jackson's replacement counsel, Bickel, directed Jackson not to appear in the courtroom and not to take the stand. *Id.* at 12-14. As a result, the jury saw "Pimpin' Curly," and heard a missing witness charge. *See id.* at 14.

If the Court were to view even the beginning of the trailer—which Jackson posted in advance of the full video—the otherwise indescribable tone and animus of the Videos would be conveyed.  Exs. 11-12; *see also* Mem. Supp. Mot. Sum J. 8 & n.5.  Again, even this limited viewing is not required to grant Reed Smith's Motion for Summary Judgment, but it does provide the Court with a concept of what any defense counsel would face in this case.

Finally, even though the Court does not need to view the Videos to grant summary judgment to Reed Smith, the Court should not strike them from the record.  As noted earlier, Exhibits 11 and 12 are the heart of the case that is the subject of this malpractice claim.  Moreover, those exhibits provide record support for statements in the briefs that Jackson's behavior and appearance in the Videos was vulgar, vile, and degrading.  *E.g.*, Mem. Supp. Mot. Sum. J. 8 & n.5; *see also* L. R. 56(a)(1) Stmt. ¶¶ 1, 5-8, 13, 19-20, ECF No. 304.  Because the Videos are relevant—though not absolutely necessary for the Court to view to grant the Motion for Summary Judgment—they are properly part of the record and should not be stricken.

## **CONCLUSION**

For the foregoing reasons, the Court need not view the Videos to enter summary judgment in favor of Reed Smith.  Nevertheless, the record should include Defendants' Exhibits 11 and 12, which exhibits should remain filed under seal.

Dated: April 9, 2021

Respectfully submitted,

AXINN, VELTROP & HARKRIDER LLP

/s/ Thomas G. Rohback
Thomas G. Rohback (ct01096)
Drew Alan Hillier (ct30252)
90 State House Square
Hartford, CT 06103
Tel: 860.275.8100
Fax: 860.275.8101
Email: trohback@axinn.com
       dhillier@axinn.com

Craig M. Reiser, admitted *pro hac vice*
114 W 47th St
New York, NY 10036
Tel: 212.728.2200
Fax: 212.261.5654
Email: creiser@axinn.com

*Attorneys for Defendants*
*Reed Smith LLP and Peter Raymond*

**CERTIFICATE OF SERVICE**

I, Thomas G. Rohback, certify that on April 9, 2021, I caused the Memorandum of Law Pursuant to the Court's Scheduling Order, ECF No. 362 to be served via CM/ECF on the following counsel of record:

Joseph P. Baratta
Imran H. Ansari
Baratta, Baratta & Aidala, LLP
546 Fifth Avenue, 6th Floor
New York, NY 10036
Email: jpbaratta@barattalaw.com
         iansari@aidalalaw.com

John L. Cesaroni
Zeisler & Zeisler PC
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Email: jcesaroni@zeislaw.com

    /s/ Thomas G. Rohback
    Thomas G. Rohback (ct01096)