## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| In Re: | : | |
| | : | CHAPTER 11 |
| CURTIS JAMES JACKSON, III, | : | |
| | : | CASE NO. 15-21233 (AMN) |
| Debtor. | : | |
| | : | |
| _____ | : | |
| | : | |
| CURTIS JAMES JACKSON, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | ADVERSARY PROCEEDING NO. |
| REED SMITH LLP AND PETER | : | CASE NO. 17-02005 (AMN) |
| RAYMOND, | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS PENDING APPEAL OF THE COURT'S JUDGMENT DATED JUNE 25, 2021 (AP-ECF 400)

Plaintiff Curtis James Jackson, III ("Jackson"), by and through his undersigned counsel, hereby submits this memorandum of law in support of his motion (the "Motion"), pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure (the "F.R.B.P."), for entry of an order staying proceedings with respect to Reed Smith LLP's ("Reed Smith") Proof of Claim ("P.O.C. 18-1") pending Jackson's appeal to the United States District Court for the District of Connecticut (the "Appeal") from the partial judgment in favor of defendants, dated June 25, 2021 (AP-ECF No. 400), as certified as a final judgment by order dated July 9, 2021 (AP-ECF No. 409), which brings up for review this Court's June 25, 2021 Decision and Order granting partial summary judgment to the Defendants (the "Partial Summary Judgment Decision") (AP-ECF No. 395) and this Court's March 1, 2019 Decision and Order granting dismissal in favor of the Defendants as to counts one,

three, four, five, and part of count two of Jackson's Amended Complaint in this action (the "Motion to Dismiss Decision") (together, the "Decisions") (AP-ECF No. 62).

## PRELIMINARY STATEMENT

1.    Jackson respectfully requests that the Court issue a temporary stay of the pending proceedings related to P.O.C. 18-1 (inclusive of Jackson's objections thereto) because they necessarily require this Court to pass upon facts and issues that are currently the subject of the Appeal. Jackson timely filed the Notice of Appeal, and the Court has certified the Partial Summary Judgment and the Motion to Dismiss as a Final Judgment (*see* AP-ECF No. 409).

2.    Among other things, Jackson's objections to P.O.C. 18-1 (the "P.O.C. 18-1 Objections") (ECF No. 660, 832), raises the following issues:

a.    P.O.C. 18-1 is impermissibly premised upon an alleged retainer agreement that was entered into between Jackson and Reed Smith in connection with a 2004 California legal matter (the "2004 California Retainer") that does not apply to the alleged New York legal services for which P.O.C. 18-1 seeks compensation because the 2004 California Retainer is violative of 22 NYCRR 1215.1;

b.    P.O.C. 18-1 seeks recompense for alleged legal services in *Lastonia Leviston v. Curtis James Jackson, III a/k/a 50 Cent*, New York State Supreme Court, New York County, Index No. 102499/10 (the "Leviston Action") that did not protect Jackson's rights because Defendants failed to disclose a non-waivable conflict of interest concerning William Roberts p/k/a/ Rick Ross ("Ross"), a key adverse material witness in the Leviston Action, in addition to Defendants' failure to seek/preserve discovery from three material witnesses (including Ross) that were crucial to Jackson's defense; and

c.    P.O.C. 18-1 seeks fees that are excessive under 11 U.S.C. § 502(b)(4).

*See generally* ECF No. 660 ¶¶ 2-5, 9-19; ECF No. 832 ¶¶ 2-5.

3.      While this Court denied summary judgment in favor of Reed Smith on P.O.C. 18-1, there are substantial overlapping issues concerning the P.O.C. 18-1 Objections and the Appeal, such that the resolution of the Appeal by the District Court or the Second Circuit is likely to substantially impact the ultimate resolution of P.O.C. 18-1.

4.      To the extent that the P.O.C. 18-1 Objections overlap with the allegations and issues that are subject to appellate court's review, this Court should temporarily stay the P.O.C. 18-1 proceedings. Doing so will avoid a jurisdictional conflict with the Article III appellate court that will now review this Court's findings on those allegations/issues. Furthermore, Jackson meets the test recognized in this Circuit for the grant of a stay pending appeal, which involves a balancing of the four traditional factors considered on a request for a stay. Most importantly, no party will be cognizably injured by this Court staying the P.O.C. 18-1 proceedings to allow the District Court to first pass upon the overlapping allegations and issues between the P.O.C. 18-1 Counterclaims and the P.O.C. 18-1 Objections.  Moreover, Read Smith's ability to be paid the fees claimed in P.O.C. 18-1 (in the event this Court ultimately allows those claims) will not be threatened by a stay because the funds they are seeking are held in escrow with the Disbursing Agent pursuant to the terms of Jackson's Discharge Petition (*see* ECF Nos. 742, 764).

**JURISDICTION**

5.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

6.      The predicate for the relief requested herein is F.R.B.P. 8007 and 11 U.S.C. § 105(a).

**ARGUMENT**

## I.    GRANTING A STAY OF THE P.O.C. 18-1 PROCEEDINGS WILL AVOID A JURISDICTIONAL CONFLICT

7.      "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This principle ensures the integrity of the appellate process, and also avoids "confusion and waste of time that might result from putting the same issues before two courts at the same time." *In re Emergency Beacon Corp.*, 58 B.R. 399, 402 (Bankr. S.D.N.Y. 1986). The principle, which is known as the divestiture doctrine, applies in bankruptcy cases. *Dicola v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D.N.Y. 1994).

8.      A lower court divested of jurisdiction over aspects of a case pursuant to the divestiture doctrine may only issue a subsequent order as to those issues on appeal to "implement or enforce" the prior order. The decision on appeal must "remain[] intact for the appellate court to review." *In re Winimo Realty*, 270 B.R. at 105. Accordingly, this Court cannot "decide an issue identical to the one appealed . . . ." *Id.* at 106. Even where an issue is not "expressly on appeal," the bankruptcy court cannot exercise jurisdiction over issues that "nevertheless so impact the appeal so as to interfere with or effectively circumvent the appeal process." *Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.)*, 369 B.R. 752, 759-60 (B.A.P. 1st Cir. 2007).

9.      P.O.C. 18-1 seeks recompense primarily for legal fees that Reed Smith alleges it is owed in connection with legal services the firm rendered in the Leviston Action, as well as additional services in another matter; Jackson's P.O.C. 18-1 Objections oppose the allowance of P.O.C. 18-1 chiefly on the basis, *inter alia*, that the Defendants committed legal malpractice in a number of ways during their representation of Jackson in the Leviston Action and are thus Reed

Smith is not entitled to the legal fees it seeks from Jackson in P.O.C. 18-1. Accordingly, this Court's determination as to whether P.O.C. 18-1 should be allowed, and/or to what extent the fees sought in P.O.C. 18-1 should be allowed, will necessarily require a determination by this Court as to whether the legal malpractice alleged by Jackson occurred and to what extent that legal malpractice diminishes and is an offset to the monetary value of the legal services for which P.O.C. 18-1 seek recompense. The issue of whether or not Jackson has a viable claim for legal malpractice or breach of fiduciary duty will be resolved in the Appeal. Therefore, proceeding with a hearing on the P.O.C. 18-1 Objections while the Appeal is pending creates a significant risk that the parties and the Court will have to spend additional time and resources litigating the same issues after the Appeal is resolved.

10.    Appellate courts find that the divestiture doctrine precludes jurisdiction over orders "repeating" a prior legal and/or factual determination. For instance, in *Winimo Realty Corp.*, an appeal divested the bankruptcy court of jurisdiction over an adversary proceeding that required interpretation of contract language that was also being interpreting on appeal of a prior order denying a motion to compel arbitration. 270 B.R. at 105. In another example, an appeal of a bankruptcy court determining the interest rate to be paid on a claim divested the bankruptcy court of jurisdiction to enter another order making the same conclusion as to the interest rate. *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 580-81 (5th Cir. 2002). In a further example, an appeal of a bankruptcy court order approving disposition of estate assets divested the bankruptcy court of jurisdiction to approve a second order sought by the appellee that would have approved a disposition of the same assets. *Whispering Pines*, 369 B.R. at 759-60.

11.    The principle that the divestiture doctrine precludes jurisdiction over orders repeating a prior legal and/or factual determination applies here. Because this Court granted

dismissal and partial summary judgment in favor of the Defendants as to the legal malpractice claims in its Decisions, it follows logically that any current determination that this Court would render as to the allowance of P.O.C. 18-1 would be necessarily bound to repeat the determinations as to Jackson's legal malpractice claims that this Court has already made in its Decisions. Stated differently, ruling on P.O.C. 18-1 will require this Court to repeat its decision on substantially identical issues that the District Court will render determinations in the Appeal. Accordingly, to the extent that this Court's P.O.C. 18-1 determination(s) would necessarily and substantially repeat findings that this Court made that are presently subject of the Appeal, the divestiture doctrine precludes this Court from exercising jurisdiction over the P.O.C. 18-1 proceedings until the Appeal is resolved.

12.       Under the divestiture doctrine, a pending appeal also divests the bankruptcy court of jurisdiction where a subsequent order would directly impact an appeal, even where the issues are not precisely the same. *In re Southold Dev. Corp.*, 129 B.R. 18, 19 (E.D.N.Y. 1991). Under this theory of divestiture, a stay of the P.O.C. 18-1 proceedings is also proper to the extent that the Court's findings as to P.O.C. 18-1 could impact the Appeal by expanding and/or modifying its conclusions of law and/or its factual findings that are on appeal regarding the legal malpractice claims.

## II.    A STAY OF THE P.O.C. 18-1 PROCEEDINGS PENDING APPEAL IS JUSTIFIED UNDER THE TRADITIONAL FOUR-FACTOR BALANCING TEST FOR A STAY

13.       F.R.B.P. 8007(a)(1)(D) permits this Court, in its discretion, to "suspen[d] . . . proceedings in a case" pending the appeal of an order of the bankruptcy court. For these purposes, in deciding an application for a stay pending appeal, this Court must consider the following four factors, which are evaluated in the Second Circuit on a balanced basis (*i.e.*, not all four factors must resolve in favor of the appellant): "(1) whether a movant will suffer irreparable injury absent

a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007); *see also In re Mich. Produce Haulers, Inc.*, No. BG 14-03188, 2015 WL 1275387, at *2 (Bankr. W.D. Mich. Mar. 19, 2015) (holding that same factors apply to a motion to suspend proceedings under Rule 8007(a)(1)(D)).

14.     Per the balanced four-factor Second Circuit test for a stay set forth above, "[t]he lack of any one factor is not dispositive to the success of the motion, rather the inquiry represents a balancing of the four factors." *Beeman v. BGI Creditors' Liquidating Trust (In re BGI, Inc.)*, 504 B.R. 754, 762 (S.D.N.Y. 2014). "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay. Simply stated, more of one [factor] excuses less of the other." *In re 8 W. 58th St. Hospitality, LLC*, No. 14-11524, 2016 WL 856800, at *2 (Bankr. S.D.N.Y. Mar. 4, 2016) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)).

### A.     Jackson Will Suffer Irreparable Harm Absent a Stay of the P.O.C. 18-1 Proceedings

15.     "A showing of probable irreparable harm is the principal prerequisite for the issuance of a [Rule 8007] stay." *In re Adelphia*, 361 B.R. at 347. Absent a stay of the P.O.C. 18-1 proceedings pending the Appeal of this Court's Decisions on Jackson's legal malpractice claims, irreparable harm to Jackson will be probable.

16.     If the P.O.C. 18-1 proceedings go forward at this time before the Appeal is heard and decided, this Court's findings as to Jackson's legal malpractice claims in its Decisions would substantially hinder Jackson in his defense against P.O.C. 18-1. The P.O.C. 18-1 Objections are premised, in large part, upon theories of Defendants' legal malpractice during the course of the

Leviston Action, the lack of a compliant retainer agreement under 22 NYCRR § 1215.1, Defendants' improper conflict of interest, and Defendants' breaches of fiduciary duty—issues that are inextricably intertwined with the Appeal that is currently before the District Court.

17.      Therefore, if the Court rules on the any of the issues involved in the P.O.C. 18-1 Objections consistent with the Decisions, and Jackson is successful on the Appeal: (a) Jackson will have been unduly deprived of access to the excess funds awarded to the Reed Smith for a longer duration than necessary; (b) Jackson will unnecessarily be required to expend appreciable time and resources obtaining the return of the excess funds awarded to Reed Smith; and (c) Jackson will be required to expend considerable additional time and resources needlessly relitigating P.O.C. 18-1 in light of the appellate court's prospective findings in his favor, which presumably will likely include the bankruptcy fees he is continuing to pay to the Court.

18.      Because it is uncertain, if not exceedingly unlikely, that Jackson will be able to recover the totality of the substantial resources he will have thus needlessly expended and/or lost access to in the process of litigating P.O.C. 18-1 and then being compelled to relitigate it pursuant to a subsequent appellate determination, it is more than probable that Jackson will suffer unnecessary and irreparable harm absent a stay of the P.O.C. 18-1.

**B.      Defendants Will Not Incur Substantial Injury or Prejudice if the P.O.C. 18-1 Proceedings are Temporarily Stayed Pending the Appeal.**

19.      Reed Smith cannot reasonably argue that a stay threatens to substantially injure it in any way. Jackson's Discharge in this case required that the money that the Reed Smith is claiming from Jackson by way of P.O.C. 18-1 be posted in escrow with the Disbursing Agent. *See* ECF Nos. 742, 764. Therefore, a stay will not threaten Reed Smith's ability to collect on P.O.C. 18-1 in the event that Jackson does not prevail in \the Appeal.

20.      Finally, the proposed stay not only fails to cause Reed Smith any substantial injury, it also serves to protect certain interests of Reed Smith for the same reasons it serves to avoid

irreparable harm to Jackson. Indeed, in the event this Court enters a determination as to P.O.C. 18-1 absent a tay that is in substantial part premised upon its legal malpractice findings that are later reversed and/or remanded by the District Court, Reed Smith too will likely have to expend needless time and resources in connection with relitigating P.O.C. 18-1 in light of the appellate decision.

21.    Given that Reed Smith cannot reasonably demonstrate a risk of substantial injury posed by the stay sought herein, and given that the proposed stay, in fact, protects certain of Reed Smith's interests, the within application satisfies the second factor of the four-factor balanced Second Circuit stay test.

### C.    Jackson Has a Substantial Possibility of Success on Appeal

22.    The factor in the stay-pending-appeal analysis concerning the relative merits of the appeal is met here. The merits inquiry is whether there is a "substantial possibility, although less than a likelihood" of prevailing on the appeal. *Adelphia*, 361 B.R. at 349; *see also In re BGI*, 504 B.R. at 764.

23.    For the purposes of this Motion, Jackson presumes this Court's familiarity with the background of the legal malpractice claims on appeal and Jackson's legal positions with respect thereto and, for the sake of brevity, Jackson will neither reiterate his legal malpractice allegations against the Defendants nor reargue his positions herein. However, in terms of Jackson's likelihood of success on the merits of the Appeal, there is substantial case law that supports Jackson.

24.    Specifically, there is a "substantial possibility" of Jackson's success on appeal on the following grounds, among others:

a. The Partial Summary Judgment Decision is fundamentally premised upon a number of clear failures to afford a dozen of Jackson's Local Rule 56(a)(2) denials the favorable inferences Jackson was required to be given as the non-movant on summary judgment. *See, e.g., Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1061 (2d

9

Cir.1995); *Wolf v. Yamin*, 295 F3d 303, 308 (2d Cir. 2002); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

b.  The Partial Summary Judgment and Motion to Dismiss Decisions are fundamentally premised upon a lack of credible evidence cited by a dozen of Jackson's Local Rule 56(a)(2) denials while simultaneously impermissibly crediting deposition testimony from interested party witnesses cited by the Defendants as evidentiary support for a number of the Defendants' Local Rule 56(a)(1) Statements of Undisputed Facts. *See, e.g., Reeves v. Sanderson Plumbing Products, Inc*., 530 US 133, 150-1 (2000).

c.  As a result of the manifest departures from the basic summary judgment standard set forth above, numerous pivotal Local Rule 56(a)(2) denials interposed by Jackson were improperly deemed admissions by Jackson to pivotal disputed material facts for the purposes of rendering the Partial Summary Decision. *See e.g., Barlow v Connecticut*, 319 F Supp 2d 250, 259 (D. Conn. 2004); *Cousino v Muir*, 2014 WL 3697879, at *2 (D. Conn. July 24, 2014); *Booth v Connecticut*, 2011 WL 3611352, at *4 (D. Conn. Aug. 17, 2011).

**D.    The Public Interest Will Be Served by a Stay**

25.    The public interest weighs heavily in favor of staying the P.O.C. 18-1 proceeding pending the District Court's decision on the Appeal because the stay would protect the strong public interest in the conservation of judicial resources. *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources in proceedings that may prove to have been unnecessary.") (citing *Payne v. Jumeirah Hosp. & Leisure (USA) Inc*., 808 F.Supp.2d 604, 604 (S.D.N.Y. 2011)) (citations omitted).

26.    In the substantially plausible event that the District Court finds in favor of Jackson as to even just one ground of the several forming Jackson's legal malpractice allegations against the Defendants (*e.g.,* finding that the Defendants' failure to pursue/preserve discovery from one of the so-called "Three Uncalled Witnesses" gave rise to a triable legal malpractice claim), any determination that would presently be made by this Court as to POC 18-1 would be required to be reexamined by this Court (or another) in light of the appellate court's findings in favor of Jackson. This scenario, which is probable to result, would constitute needless and duplicative litigation of substantially similar and/or completely identical issues in two separate courts. Accordingly, the public interest is best served by staying this action pending the District Court's appellate determination on the several issues underlying both the Appeal and the P.O.C. 18-1 Objections. *See Catskill Mountains Ch. of Trout Unlimited, Inc. v U.S.* E.P.A., 630 F Supp 2d 295, 306 (S.D.N.Y. 2009).

## **CONCLUSION**

**WHEREFORE**, for the foregoing compelling reasons, Jackson respectfully requests that this Court enter an Order: (a) pursuant to Bankruptcy Rule 8007(a), grant a stay of further proceedings in this action pending the District Court's resolution of the Appeal; and (b) granting such other and further relief that this Court deems just and proper.

Dated: July 29, 2021                     Respectfully Submitted,
       New York, New York

                                         **BARATTA, BARATTA & AIDALA LLP**
                         By:    /s/ Imran H. Ansari
                                Imran H. Ansari, Esq.
                                546 Fifth Avenue, 6th Floor
                                New York, NY 10036
                                T: (212) 486-0011
                                F: (212) 750-8297
                                iansari@aidalaw.com

**ZEISLER & ZEISLER, P.C.**

By:    /s/ John L. Cesaroni

John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel: 203.368.4234
jcesaroni@zeislaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, John L. Cesaroni, certify that on July 29, 2021, a copy of the foregoing was filed electronically and emailed via the Court's CM/ECF electronic noticing system. Parties may access this filing through the Court's CM/ECF System.

/s/ John L. Cesaroni
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel: 203.368.4234
jcesaroni@zeislaw.com
*Counsel for Plaintiff*