**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** § | | **CHAPTER 11** |
| **CURTIS JAMES JACKSON, III** § | | **CASE NO. 15-21233 (AMN)** |
| **DEBTOR.** § | | |
| § | | |
| **CURTIS JAMES JACKSON, II** § | | |
| Plaintiff, § | | **ADV. PROC. NO. 17-02005** |
| v. § | | |
| **REED SMITH LLP, and PETER RAYMOND** § | | |
| Defendants. § | | |

**MOTION TO CONTINUE EVIDENTIARY HEARING**

The plaintiff/objector, Curtis James Jackson III ("Plaintiff"), the post-confirmation Debtor and Debtor in possession, hereby moves for an order continuing the evidentiary hearing on Plaintiff's objection (the "Objection") to the defendants', Reed Smith LLP ("Reed Smith") and Peter Raymond (together with Reed Smith, "Defendants"), Proof of Claim 18 ("Proof of Claim 18"), scheduled for June 14, 2022, to a date in July or August 2022, as set forth below. In support of his motion, Plaintiff states as follows:

1.  On February 14, 2022, the Court entered an order, *inter alia*, determining that the limited stay that it previously granted with respect to the Objection should not be further extended. (Scheduling Order for Evidentiary Hearing Regarding Objection to Proof of Claim and Order Denying Further Request for Stay Pending Appeal, Doc. No. 454 (the "Scheduling Order").)

2. In the Scheduling Order, the Court also entered a schedule, including various prehearing deadlines, for an evidentiary hearing regarding the Objection in light of the Court's decision not to further extend the stay as to consideration of the Objection. The Court scheduled the evidentiary hearing for June 14, 2022, at 10:00am. Plaintiff has since moved the District Court for a stay of the evidentiary hearing pending the appeal of this Court's decision before the District Court. If the stay is not granted, Plaintiff respectfully requests the following relief.

3. Prior to the Court entering the Scheduling Order, Plaintiff had several planned dates for a European/Middle Eastern concert tour scheduled. Specifically, Plaintiff has a planned tour in June and early July 2022, with concert dates scheduled from June 10 through July 5, 2022, in the United Kingdom, Ireland, France, Norway, Germany, Armenia, Greece, and Israel. Some of the announcements and tickets went on sale before the Court issued the decision not to extend its prior order staying the hearing pending appeal, and some were not to be disclosed in advance of the Super Bowl at which the Plaintiff performed during the halftime show.

4. On the date of the evidentiary hearing, Plaintiff has a scheduled concert in Edinburgh, Scotland. Thus, as a result of the concert tour, Plaintiff will be unavailable for the evidentiary hearing and the remainder of June and early July. As contracts for those dates have been executed, Plaintiff would be in breach of contract if he does not perform as scheduled in those locations. This would expose Plaintiff to potential legal ramifications and damage his professional and business reputation for repudiating on contractual agreements for his artistic performance. In the entertainment and music industry it is critical for the artist to honor his or her contractual agreements, and to force Plaintiff to breach an agreement will cause great prejudice. Holding the hearing prior to June will not be feasible as it will conflict with the dates set by the Court for pre-hearing motions, the pre-trial conference and the exchange of pre-trial information,

and furthermore, will not obviate the scheduling conflicts of witnesses, and counsel alike. Plaintiff simply seeks to move the actual hearing date and does not request to change the other dates set by the Court in its Order.

5. Plaintiff, therefore, respectfully requests that the Court grant him a short continuance of the evidentiary hearing on the Objection to mid-July or August 2022. Based on his touring schedule, Plaintiff currently is available from **July 12 to July 19, 2022**; **August 2 to 11, 2022**; and **August 23 to September 2, 2022**. This request for a brief adjournment is both reasonable and will not cause prejudice to the Defendants. Plaintiff submits that good cause exists to grant the requested continuance. Among his other endeavors, Plaintiff is a hip hop performer with fans all over the world. Concert tours are part of his livelihood, and the current concert dates have been scheduled and confirmed well in advance of the actual events, and in fact, had been scheduled at the time that the Court entered the Scheduling Order. Plaintiff makes this request now in the event that the motion to stay that was filed in the interim between the last conference and this date is not granted, and based upon the contractual agreements for those pre-planned dates.

6. Plaintiff's presence at the evidentiary hearing is necessary, both to protect his ability to participate in the prosecution of the Objection and because his testimony is needed with respect to the remaining issues regarding Proof of Claim 18 and the Objection. Plaintiff would be prejudiced if he were not able to participate in the proceedings. Conversely, any prejudice to Defendants would be comparatively minimal as the continuance sought is short in duration. Plaintiff, therefore, submits that a brief continuance is warranted under the circumstances.

7. Counsel for Plaintiff has inquired of counsel for Defendants as to their position on the requested continuance, and they do not consent to the same.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order continuing the date of the evidentiary hearing on the Objection as requested above and granting him such other and further relief as justice requires.

Dated: April 12, 2022

Respectfully submitted,

**ZEISLER & ZEISLER, P.C.**

By:    / s / John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut  06604
Telephone:  (203) 368-4234
Facsimile:  (203) 367-9778
jberman@zeislaw.com
jcesaroni@zeislaw.com

and

Baratta, Baratta & Aidala LLP
Special Counsel for Debtor
546 Fifth Avenue
New York, NY 10036
(212) 750-9700

By: / s / Joseph P. Baratta
     Joseph P. Baratta

By: / s / Imran H. Ansari
     Imran H. Ansari

**CERTIFICATE OF SERVICE**

    I, John L. Cesaroni, certify that on April 12, 2020, a copy of the foregoing was filed electronically and emailed via the Court's CM/ECF electronic noticing system. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ John L. Cesaroni
                                        John L. Cesaroni (ct29309)
                                        10 Middle Street, 15th Floor
                                        Bridgeport, Connecticut 06604
                                        Tel: 203.368.4234
                                        jcesaroni@zeislaw.com
                                        Counsel for Plaintiff