# EXHIBIT 51

# PRIVATE INVESTIGATIVE ASSOCIATES LLC

(914) 202- 8819
1333A North Ave suite 730
New Rochelle, New York 10804
www.nyprivateinvestigationgroup.com

## CLIENT RETAINER

**Date:** December 29, 2014

**Client:**
Robins, Kaplan, Miller & Ciresi LLP
Craig Weiner- Partner
601 Lexington Avenue Suite 3400
New York, New York 10022

**Case:** *Leviston Matter*

Mr. Weiner,

Thank you for selecting Private Investigative Associates LLC, from herein refered to as "P.I.A. LLC".

This letter constitutes our agreement to provide you with investigative services to assist Robins, Kaplan, Miller & Ciresi LLP, from herein referred to as the "Client", in its representation of Curtis J. Jackson III, collectively the "Client's client".

The scope of our services, (the "Engagement") shall include:
- Locate and interview Mr. Maurice Murray. Obtain any statements.
- Assist in the furtherance of this matter as directed by Mr. Weiner.

Based on the aforementioned ouline of investigative techniques/proposal, Private Investigative Associates LLC is requesting a **$7,500.00** retainer, which will be billed against at an hourly rate of **$105.00** per man-hour, plus expenses. Expenses will include all computer searches, any and all travel expenses.



Private Investigative Associates LLC acknowledges that the purpose of the Engagment is to enable Client to render legal advice to thier client and prepare materials in connection with the above referenced litigation. Therefore, P.I.A. LLC's communication with the Client, P.I.A. LLC's work product, and all information and data received from the Client, are covered by the work product, as well as other applicable privileges. Accordingly, P.I.A. LLC will maintain as confidential all information and data it receives from the Client and will not disclose such information and data (the "Confidential information") to any third party without the Clients prior written consent, unless required to do so by law.

Thank you very much and I look forward to working with you in bringing this matter to a close.

_____ 12/09/14          _____ date 12/30/2014
Paul J. Puccini    date                    Craig Weiner
President                                  Robins, Kaplan, Miller & Ciresi LLP

Private Investigative Associates LLC.


Approved:

_____
By: CURTIS JACKSON III

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045277

| Form **W-9**<br>(Rev. December 2014)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | Give Form to the<br>requester. Do not<br>send to the IRS. |
|---|---|---|

1 Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.
**Private Investigative Associates LLC**

2 Business name/disregarded entity name, if different from above

3 Check appropriate box for federal tax classification; check only one of the following seven boxes:
[✓] Individual/sole proprietor or single-member LLC   [ ] C Corporation   [ ] S Corporation   [ ] Partnership   [ ] Trust/estate
[ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
Note. For a single-member LLC that is disregarded, do not check LLC; check the appropriate box in the line above for the tax classification of the single-member owner.
[ ] Other (see instructions) ▶

4 Exemptions (codes apply only to certain entities, not Individuals; see instructions on page 3):
Exempt payee code (if any)
Exemption from FATCA reporting code (if any)
(Applies to accounts maintained outside the U.S.)

5 Address (number, street, and apt. or suite no.)
**1333 A North Ave #730**

6 City, state, and ZIP code
**New Rochelle, NY 10804**

Requester's name and address (optional)
**Robins Kaplan Miller & Ciresi LLP**
**601 Lexington Ave suite 3400**
**New York, New York 10022**

7 List account number(s) here (optional)

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Note. If the account is in more than one name, see the instructions for line 1 and the chart on page 4 for guidelines on whose number to enter.

Social security number: [ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]
or
Employer identification number: [REDACTED]

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 3.

Sign Here    Signature of U.S. person ▶ [signature]    Date ▶ 12/29/14

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** Information about developments affecting Form W-9 (such as legislation enacted after we release it) is at www.irs.gov/fw9.

### Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following:

- Form 1099-INT (interest earned or paid)
- Form 1099-DIV (dividends, including those from stocks or mutual funds)
- Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
- Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
- Form 1099-S (proceeds from real estate transactions)
- Form 1099-K (merchant card and third party network transactions)

- Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
- Form 1099-C (canceled debt)
- Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding? on page 2.*

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),
2. Certify that you are not subject to backup withholding, or
3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and
4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting?* on page 2 for further information.

Cat. No. 10231X    Form **W-9** (Rev. 12-2014)

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

045278

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

1 LEXINGTON AVENUE
SUITE 3400
NEW YORK, NY 10022-4611
TEL: 212-980-7400 FAX: 212-980-7499
www.rkmc.com

Craig Weiner
CWeiner@rkmc.com
212-980-7404

December 30, 2014

VIA E-MAIL

Curtis J. Jackson III
c/o Nikki Martin
264 West 40th Street- 15th Floor
New York, NY 10018

Re:   Support on Leviston Trial

Dear Mr. Jackson:

This Agreement sets forth the terms and conditions under which the law firm of Robins, Kaplan, Miller & Ciresi, L.L.P. ("we", "us" or "our") will provide to you certain legal services.

**Scope of Representation.** We very much appreciate your asking us to act as counsel for you in connection with the following matters: providing advice with respect to the trial in the matter: <u>Lastonia Leviston v. Curtis Jackson III</u>, Index No. 102449/10, Supreme Court of the State of New York, New York County.

We shall assist trial counsel (Reed Smith) as you shall so request. We shall not make an appearance in the case. In addition, you have requested and we shall engage the services of Paul Puccini (licensed private investigator) on your behalf. You have authorized us to make a retainer payment to Mr. Puccini of $7,500.

The scope of our engagement and duties to you shall relate solely to the matters described herein except as set forth in other engagement letters by and between you and RKMC. You have not hired us to act as your attorney in connection with any other matter. We only represent you in the matters encompassed by this Agreement, and we have not undertaken and have no duty to represent any other person or entity, nor to represent you in any matters other than as described in this Agreement. You may limit or expand the scope of our representation from

ATLANTA   BOSTON   LOS ANGELES   MINNEAPOLIS   NAPLES   NEW YORK

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045279

December 30, 2014
Page 2

time to time, but any substantial expansion of our instructions must be agreed to by us.

**Means of Representation.** The Partner responsible for this Matter is **Craig Weiner** who may be assisted by other attorneys in the firm, as well as our internal Financial Consultants and investigators. We understand that we may receive instructions from you through specifically designated representatives (including Steve Savva, Esq. and Nikki Martin) whom you will identify. Unless otherwise instructed, we will communicate with you either by telephone, mail, facsimile transmission, email, or courier, as the occasion requires and as the need for confidentiality permits. To assist us in providing the most effective representation to you, it is essential that you retain all information, documents, records, data, or other materials relating to the requested representation until such time as we have consulted with you concerning the handling of such materials. In addition, if following our retention, you become aware of any information or locate or come into possession of any materials relating to the representation, you must promptly inform us.

**Term of Engagement.** Either of us may terminate the engagement at any time for any reason by written notice, subject on our part to applicable rules of professional responsibility.

You have the right to end our agreement and take us off the case at any time, but if you do so, you may, however, still owe us money for time and expenses that we have spent on the case but for which we have not yet billed you.

In the event that the engagement is terminated, we will take such steps as are reasonably practicable to protect your interests in the above matter. If permission for our withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent you.

Unless previously terminated, our representation of you will terminate upon our sending you a final statement for services rendered (unless we have been retained by you on another matter that is still ongoing). Both before and after such termination, any otherwise non-public information that you have supplied to us that is retained by us will be kept confidential in accordance with applicable rules of professional responsibility. If, upon such termination, you wish to have any documents delivered back to you, please let us know. Otherwise, all such documents will be transferred to the person responsible for administering our

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045280

December 30, 2014
Page 3

records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents retained by us in accordance with our record retention and destruction policy.

**Fees and Expenses.** Our fees will be based on the billing rate for each attorney and legal assistant devoting time to this matter. As a general matter, effective our billing rates for this matter shall be discounted and billed as follows: Partners range from $625 to $895; attorneys who are Of Counsel and Principals range from $575 to $695; attorneys who are Associates range from $330 to $575. Our legal assistants' current hourly billing rates range from $250 to $295. Mr. Weiner shall provide you with a discounted rate of $675/hr (normally $775/hr).

These billing rates are subject to change from time to time, and we will notify you in advance of any change in our billing rates.

We are committed to our policy of ensuring the reasonableness of the level of expenses incurred on behalf of our clients. Our policy is to charge expenses and disbursements at our actual cost; thus, specific charges discussed in this letter will be adjusted upward or downward to reflect changes in the charges of third party service providers and vendors. Similarly, items not specifically listed herein will be billed at cost. It is difficult for us to accurately predict the amount and type of expenses we will have to pay to handle the matters encompassed by this Agreement. While we will endeavor to minimize expenses and to incur only such expenses as are reasonably necessary, you acknowledge that in matters of the nature encompassed by this Agreement, the expenses can be, and often are, substantial. These expenses include, but are not limited to, the following: court filing fees; local counsel attorney fees and expenses; court reporter fees and expenses for depositions, including video depositions, hearings, trial and otherwise; traveling and lodging expenses, including, airfare, car rental, parking, hotels, and food; consultant fees and expenses; expert witness fees and expenses; translator and translation fees and expenses, special master fees and expenses; computer service fees; charges for telephone, postage and photocopying; charges for business records; expenses incurred in the production, copying, and management of documents, including computer storage of documents; and, charges for the preparation of trial exhibits, including video animation and computer related exhibits.

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045281

December 30, 2014
Page 4

We anticipate billing you monthly and you agree to pay our bills within 30 days after receipt of our invoice. With each bill we will provide to you detailed information regarding the work covered by the bill. We reserve the right to charge interest on amounts which are overdue for more than one month. Interest will be calculated at an annual rate equivalent to the rate for the time being applied to judgment debts.

Your obligation to pay our fees and expenses is without regard to the success or other outcome of the matter that we are handling for you, and without regard to any agreement that you may have with any third party for the reimbursement of our fees.

**Retainer.** You have agreed to provide us with an initial retainer in the amount of $10,000 before we begin this representation. Each month we will deduct from that retainer amount the charges for services rendered that month, together with the amounts of the disbursements that we have made on your behalf. At our sole option, we may bill you for an amount that will restore the retainer to its original amount, and you agree to pay such amount. We will return to you any unused portion of the retainer upon our completion of the services to be rendered in this matter, or, if earlier, the termination of our engagement as counsel in this matter.

**Conflicts.** As you know, we are a large law firm with numerous clients. Many of these clients rely upon the firm for general representation and, in the normal course of their business, to assert claims against other parties. To our knowledge, the firm does not currently represent any client with respect to matters directly adverse to you. Although we hope it never happens, it is possible that an adverse relationship may develop in the future between you and one of our other clients.

You have retained us to provide legal services limited to this Matter. As you are aware, we have a diverse practice that includes representation of many other companies and individuals in many areas. Because of the size and diversity of our practice and the size and diversity of your operations, it is possible that some of our present or future clients will have disputes or other dealings with you in areas unrelated to the matters for which you have retained us. In light of your present intention to utilize our services only in this Matter, you agree as a condition of our providing such services that we may continue to represent, or may undertake in the future to represent, existing or new clients in any matter, including litigation, in areas of the law other than those for which we are representing you, even if the interests of such clients in those other matters are directly adverse to those of

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045282

December 30, 2014
Page 5

yours. (You should know that, in similar engagement letters with other clients, we have asked for similar agreements to preserve our ability to represent you.) Where ethically permissible to do so, we agree to notify you of each such representation as it arises. We agree, however, that your prospective consent to conflicting representations shall not apply in any instance where as the result of our representation of you, we have obtained sensitive, proprietary or other confidential information of a non-public nature that, if known to another client of ours, could be used to the material disadvantage of you in a matter in which we represent, or in the future are asked to undertake representation of, that client. Moreover, if for any reason you decide to terminate this engagement, you agree that we may continue to act for such other client.

You further agree that we, during the course of our representation of you, we will not be given any confidential information regarding any matters unrelated to the matters in which we are representing you. Accordingly, our representation of you will not in and of itself give rise to any conflict of interest in the event that other of our clients is adverse to you.

**Disputes.** We are required to advise you about your right to arbitrate any dispute that may arise between you and us, under Part 137 of the Rules of the Chief Administrator of the Courts of the State of New York. This is set forth in Exhibit A to this letter. Unless you expressly agree otherwise you cannot be required to agree to arbitrate a fee dispute in an arbitral forum outside Part 137. The text of Part 137, referred to in Exhibit A, is lengthy but we would be pleased to furnish you a copy if you so request.

**What This Agreement Covers.** This Agreement states the entire agreement between you and us and takes the place of any prior oral or written agreements. This Agreement is entered into within the State of New York and is to be interpreted in accordance with the laws of the State of New York. The terms of this Agreement may only be changed by a separate written agreement signed and dated by you and Robins, Kaplan, Miller & Ciresi L.L.P.

**Disclosure of Insurance Information.** Consistent with or as may be required by certain states' rules of ethics or for members of the bar, Robins, Kaplan, Miller & Ciresi L.L.P. hereby confirms that it has Professional Liability insurance coverage which applies to and covers the legal services to be rendered to you pursuant to this Agreement. Like most law firms, we reserve the right to disclose to our

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045283

December 30, 2014
Page 6

professional indemnity insurers or advisers any information that they reasonably require.

_____  Date: __12/30/2014__
Craig Weiner
Robins, Kaplan, Miller & Ciresi L.L.P.

I have read, understand, and agree to the terms of this agreement.

_____  Date: _____
Curtis J. Jackson III

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045284

EXHIBIT A

| UCS 137-3 (5/02)  | STANDARD WRITTEN INSTRUCTIONS AND PROCEDURES TO CLIENTS FOR THE RESOLUTION OF FEE DISPUTES PURSUANT TO PART 137 OF THE RULES OF THE CHIEF ADMINISTRATOR |
|---|---|

Part 137 of the Rules of the Chief Administrator of the Courts provides a procedure for the arbitration (and in some cases mediation) of fee disputes between attorneys and clients in civil matters. Your attorney can provide you with a copy of Part 137 upon request or you can download a copy at www.nycourts.gov/admin/feedispute. Fee disputes may involve both fees that you have already paid to your attorney and fees that your attorney claims are owed by you. If you elect to resolve your dispute by arbitration, your attorney is required to participate. Furthermore, the arbitration will be final and binding on both your attorney and you, unless either of you seeks a trial de novo within 30 days, which means either of you reject the arbitrator's decision by commencing an action on the merits of the fee dispute in a court of law within 30 days after the arbitrator's decision has been mailed. Fee disputes which may not be resolved under this procedure are described in Part 137.1 of the Rules of Chief Administrator of the Courts: representation in criminal matters; amounts in dispute involving a sum of less than $1000 or more than $50,000 unless the parties consent; and claims involving substantial legal questions, including professional malpractice or misconduct. Please consult Part 137.1 for additional exclusions.

Your attorney may not bring an action in court to obtain payment of a fee unless he or she first has provided written notice to you of your right to elect to resolve the dispute by arbitration under Part 137. If your attorney provides you with this notice, he or she must provide you with a copy of the written instructions and procedures of the approved local bar association-sponsored fee dispute resolution program ("Local Program") having jurisdiction over your dispute. Your attorney must also provide you with the "Request for Fee Arbitration" form and advise that you must file the Request for Fee Arbitration with the local program within 30 days of the receipt of the notice. If you do not file the Request within those 30 days, you will not be permitted to compel your attorney to resolve the dispute by arbitration, and your attorney will be free to bring a lawsuit in court to seek to obtain payment of the fee.

In order to elect to resolve a fee dispute by arbitration, you must file the attached "Request for Fee Arbitration" with the approved local program. An updated list of local programs is available at www.nycourts.gov/admin/feedispute or by calling (212) 428-2862. Filing of the Request for Fee Arbitration must be made with the appropriate local program for the county in which the majority of legal services were performed. Once you file the Request for Fee Arbitration, the local program will mail a copy of the request to your attorney, who must provide a response within 15 days of the mailing. You will receive at least 15 days notice in writing of the time and place of the hearing and of the identity of the arbitrator(s). The arbitrator(s) decision will be issued no later than 30 days after the date of the hearing. You may represent yourself at the hearing, or you may appear with an attorney if you wish.

Some local programs may offer mediation services in addition to arbitration. Mediation is a process by which those who have a fee dispute meet with the assistance of a trained mediator to clarify issues and explore options for a mutually acceptable resolution. Mediation provides the opportunity for your attorney and you to discuss your concerns without relinquishing control over the outcome and of achieving a result satisfactory to both of you. Participation in mediation is voluntary for your attorney and you, and it does not waive any of your rights to arbitration under these rules. If you wish to attempt to resolve your dispute through mediation, you may indicate your wish on the Request for Fee Arbitration form.

More information, including an updated list of local programs, is available at:
http://www.nycourts.gov/admin/feedispute or by calling (212) 428-2862.

75560444.1

CONFIDENTIAL - SUBJECT TO
PROTECTIVE ORDER

045285